UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————X

MT. HAWLEY INSURANCE COMPANY,

        Plaintiff,

        -against-

GIM CONSTRUCTION, INC.,

        Defendant.

————————————————————————X

Civ. No. 1:25-cv-09031 (PKC)

## ~~PROPOSED~~ DEFAULT JUDGMENT

The motion for default judgment filed by Plaintiff, MT. HAWLEY INSURANCE COMPANY ("Plaintiff" or "Mt. Hawley"), against Defendant, GIM CONSTRUCTION, INC. ("Defendant" or "GIM"), is GRANTED. After having considered the arguments and authorities submitted by Mt. Hawley, the Court finds as follows:

Defendant, GIM CONSTRUCTION, INC., has failed to answer or otherwise plead and has defaulted, the Clerk has entered default, and Plaintiff, MT. HAWLEY INSURANCE COMPANY, has proven entitlement to the relief sought.

It is therefore ORDERED, ADJUDGED, and DECREED, and judgment is now entered as follows:

(1)    Granting default judgment in favor of Mt. Hawley against Defendant GIM CONSTRUCTION, INC. ("Defendant" or "GIM");

(2)    Declaring that under the terms of commercial general liability Policy No. MGL0193013 issued by Mt. Hawley to GIM, Mt. Hawley had and has no duty to defend or indemnify GIM for the claims asserted against it in the following underlying actions involving alleged property damage resulting from a water

intrusion/leak claimed to be caused by construction work at an apartment owned by Lorcan and Nydia Shannon, styled as: (1) *Fireman's Fund Insurance Company a/s/o Seward Park Housing Corp. v. Darby Construction Services LLC et al.*, Index No. 151337/2023, pending in the Supreme Court, New York County (the "Seward Park Lawsuit"); (2) *Allstate Insurance Company a/s/o Tiffany Streifel v. Darby Construction Services LLC et al.*, Index No. 154931/2024, pending in the Supreme Court, New York County (the "Streifel Lawsuit"); and (3) *State Farm Fire and Casualty Company a/s/o Richard Van Benschoten v. Darby Construction Services LLC et al.,* Index No. 714206/2025, pending in the Supreme Court, Queens County (the "Van Benschoten Lawsuit") (collectively, the "Underlying Actions"), pursuant to various exclusions in the Policy, including but not limited to the application of the Non-Hired Contractors Exclusion, and to the extent the damages alleged in the Underlying Actions are not for "property damage" caused by an "occurrence";

(3)     That Mt. Hawley has no obligation to pay any judgment that the plaintiffs in the Underlying Actions may obtain against GIM in the Underlying Actions; and

(4)     That Defendant GIM is bound by the Judgment of the Court against GIM, together with such other and further relief, at law or in equity, as may be just, proper, and equitable and to which Mt. Hawley may be justly entitled.

Dated: New York, New York
        *March 26*, 2026

(5) The Clerk shall terminate at the motion at ECF 17 and close the case.

_____
U.S.D.J. P. Kevin Castel

This document was entered on the docket on

_____.